ELOY GONZÁLEZ, Petitioner and Appellee, *v.* MUNICIPAL COURT OF MAYAGÜEZ, Respondent and Appellant.

No. 6582.   Argued February 19, 1934.—Decided February 24, 1934.

*Cristino R. Colón, Municipal Judge, in pro. per.* for appellant. *I. Freyre* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

We are asked to dismiss the appeal taken in this case because the brief had not been filed nor had an extension for filing it been requested when the term allowed by law for presenting said document expired, and because the transcript filed is null and void due to the fact that the clerk of the District Court certified it without collecting for the government the fees prescribed by law.

The transcript was filed in this court on December 26, 1933. The motion for dismissal was filed on the 17th of the following January, on which date the appellant's brief had not been filed nor had an extension been requested of the term

of ten days, counted from the filing of the transcript, fixed by Rule 43 of this Supreme Court, Code of Civil Procedure, 1930 ed., p. 327, which had already expired.

On January 24th the appellant appeared in order to oppose the dismissal. He presented his brief and asked the court to admit it in the exercise of its discretion. On January 31st the appellee filed a brief in support of his motion for dismissal. The parties were not present at the hearing of that motion which took place on the 19th of this instant February.

We have studied the brief for the purpose of deciding whether or not this is a case in which the court should exercise its discretion to admit the brief notwithstanding the term for its presentation has expired.

We are led to decide the question in the negative by two reasons, namely: The brief does not contain a separate assignment of errors prepared in accordance with the Rules of this Supreme Court, and apart from this a study of the brief warrants the conclusion that the case it presents is not a meritorious one.

The Municipal Judge of Mayagüez is the appellant. A complaint was presented in the court over which he presides against Eloy González and another person charging them with a violation of the Insular Racing Act in that they maintained and exploited a clandestine pool. The trial was held and a judgment rendered which states the following:

"Both defendants are acquitted due to certain reasonable doubts entertained by the Court with respect to particular questions which have been raised, but the forfeiture of all of the evidence seized is decreed, such of it as is useless to be destroyed and the rest to go to the People of Puerto Rico. (Sgd.) C. R. Colón."

One of the items introduced as evidence at the trial was the sum of $37.69, which was seized by the agents who searched the house of González, and was forfeited in accordance with the judgment of the Municipal Judge.

González applied to the district court for a writ of mandamus, directed to said municipal judge, commanding him to return said sum to the petitioner.

The writ was issued, the parties heard, and the district court finally granted the petition. It is from that decision that the municipal judge appeals.

If the defendant was acquitted of the crime with which he was charged, how could the money seized from him by reason of the commission of the crime be confiscated? If it was not proved that he conducted the clandestine pool that occasioned the search, how could it be considered that the money seized was being used illegally?

The case of *Chevremont* v. *People,* 3 P.R.R. 108, cited by the appellant, is not applicable in any sense. There it was held, to quote from the syllabus:

"The *Diputación Provincial* of Porto Rico in issuing and selling lottery tickets, under the laws and regulations then in force, contracted an obligation to carry out the drawings thereof, and having failed to do so, the non-fulfillment of that obligation entitles the holders of such tickets to the reimbursement of the money paid by them, the Government of Porto Rico being bound to satisfy their claims."

No private claim exists here. A crime having been charged, it was investigated and the defendants were acquitted for lack of evidence; nevertheless, the forfeiture of the money seized was ordered, not for the purpose of returning it to certain persons who may have claimed it, but of putting it into the public treasury.

The case of *Pacheco* v. *Municipal Judge,* 32 P.R.R. 822, cited by the appellee, is indeed applicable. There this court, through Mr. Justice Hutchison, after considering the facts involved and transcribing section 26 of the Penal Code, concluded by saying:

"*A fortiori* it would seem that no court has any power, discretionary or otherwise, to confiscate the property of any person accused of crime, after an acquittal, in the absence of any statutory authority

therefor and in a case in which there is no question as to ownership.''

It is not necessary to consider the second question raised. The appeal must be dismissed.